### Parker, et al. v. Wilson, et al.

(Decided May 11, 1923.)

### Appeal from Fayette Circuit Court.

Infants—Petition by Maternal Grandparents for Custody of Grandson Held Insufficient.—A petition by maternal grandparents for custody of their 10 year old grandson, which alleged their af-

fection for him and their desire to make him the sole heir of their substantial estate, is insufficient, where it also showed that one of the defendants, who was the paternal grandmother of the boy, had adopted him at the request of the boy's father, and was not an unfit person to have custody over him, though the father was unfit.

W. C. G. HOBBS for appellants.

WALLACE MUIR for appellees.

Opinion of the Court by Chief Justice Sampson—Affirming.

Appellant James W. Parker and wife, Emma B. Parker, commenced this action in equity in the Fayette circuit court against Johanna Wilson and her son, Walter E. Wilson, praying to be adjudged the custody, nurture, education and control of a boy about ten years of age, the maternal grandson of the Parkers, and the paternal grandson of Mrs. Wilson, and the only begotten son of the other appellee, Walter E. Wilson. The bill sets out with unusual particularity the love and devotion the appellant grandparents have for the boy, that they have no child or other descendants save this boy; that they are lonely and desire to lavish their love upon him and to support, nuture, clothe, educate and care for him, and finally to give to him all their worldy goods of which, it is modestly averred, they possess a reasonable sufficiency for comfortable support. It appears from the petition and its several amendments that the boy was adopted as a child and heir by his paternal grandparents some years ago, at the instance of his improvident father and has since lived in the Wilson home as a member of the Wilson family. The pleadings admit that appellee Mrs. Wilson is a good, respectable, Christian woman of the Roman Catholic faith, mother of several children but with little of this world's goods. The father of the boy is, it is averred, a wandering, hapless, ne.'er-do-well who has not and will not give his son the love and attention required to bring about the best results. Some forty pages or more are occupied by the petition and its four or five amendments, to which the general demurrer was sustained, without alleging a fact showing a right in the plaintiffs below, appellants here, to the relief sought. There is no right shown in appellants by the petition as amended to the custody of the child, nor any unfitness of

the appellee grandparent to have and retain the control of the boy.

There is no equity in the bill, and the chancellor did not err in sustaining the general demurrer to it and later dismissing the cause absolutely when appellants failed to further plead.

Judgment affirmed.